UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| KATHLEEN COLLINS | ) | |
|---|---|---|
| | ) | |
| v. | ) | NO. 2:04-CV-369 |
| | ) | |
| JO ANNE B. BARNHARDT, | ) | |
| Commissioner of Social Security | ) | |

## MEMORANDUM OPINION

The plaintiff Kathleen Collins has filed a motion for a judgment on the pleadings on her complaint to obtain judicial review of the final decision of the defendant Commissioner of Social Security Jo Anne B. Barnhardt denying her application for disability insurance benefits under the Social Security Act. The defendant has filed a motion for summary judgment.

Ms. Collins was born in 1964 and was 39 years old at the time of her administrative hearing. [Tr. 59, 442]. She completed either sixth or seventh grade and has relevant past work experience as a woodworker, marker, and packer. [Tr. 15, 442]. Ms. Collins alleges she is disabled as of July 12, 2000, from depression, anxiety, neck pain, shoulder pain, right arm pain, and headaches. [Tr. 14]. Based upon a finding that her severe impairments were not severe enough, the Administrative Law Judge [ALJ] found that Ms. Collins was not disabled as defined

by the Social Security Act. [Tr. 16].

At Ms. Collins' administrative hearing held on January 13, 2004, the testimony of Ms. Collins and vocational expert Ernest Brewer was received into evidence. [Tr. 442-70]. Ms. Collins testified she last worked as a sewer in a factory. [Tr. 444]. Before that, she worked as a packer in a factory. [Tr. 448]. She testified she can no longer work now because of pain in her neck, right arm, and right shoulder. [Tr. 452-53]. Ms. Collins also experienced bad headaches and was very depressed. [Tr. 453]. She testified she does not believe she has a problem with overusing her medications. [Tr. 465].

Vocational expert Ernest Brewer testified next. [Tr. 466-70]. He classified Ms. Collins' past relevant work as light and unskilled, light and semi-skilled, and medium and unskilled. [Tr. 467]. The ALJ then asked the vocational expert to consider a person of Ms. Collins' age, education, and past relevant work who has neck, shoulder, and arm pain and is limited to essentially light exertion with alternate sitting or standing and no bending or twisting. [*Id.*]. Such a person also has a major depressive disorder and a generalized anxiety disorder that would preclude high stress positions. [Tr. 467-68]. According to the vocational expert, such a person would be unable to perform Ms. Collins' past relevant work. [Tr. 468]. She would, however, be able to work as a packer, inspector, checker, and grader, and perform some

2

assembly work. [Tr. 468-69].

The ALJ ruled that Ms. Collins was not disabled because her severe impairments of neck, shoulder, and arm pain, a major depressive disorder, and a generalized anxiety disorder were not severe enough for a finding of disability. [Tr. 16]. The ALJ then found Ms. Collins could not perform her past relevant work. [Tr. 21]. She did, however, retain the residual functional capacity [RFC] to perform simple light work lifting 20 pounds occasionally and 10 pounds frequently, standing/walking for six hours in an eight-hour workday, and sitting for two hours in an eight-hour workday. [Tr. 20-21]. Ms. Collins should also, according to the ALJ, avoid bending, twisting, and high stress jobs. [Tr. 21].

This court must affirm an ALJ's conclusions unless the ALJ applied incorrect legal standards or made findings of fact unsupported by substantial evidence in the record. 42 U.S.C. § 405g. "Substantial evidence" is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion." *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Accordingly, this court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Walters v. Commissioner of Soc. Sec.*,

127 F.3d 525, 528 (6th Cir. 1997).

Ms. Collins requests a judgment on the pleadings and challenges several aspects of the ALJ's decision. She first contends the ALJ erred in his evaluation of her chronic pain. The ALJ's decision that Ms. Collins' pain was not as severe as she claimed was based on his finding that she was not totally credible. [Tr. 19]. As such, Ms. Collins is actually claiming the ALJ erred in his credibility determination. The ALJ based his credibility determination on her drug-seeking behavior. [*Id.*]. The ALJ noted Ms. Collins "obtained medications from multiple doctors and lied about it," "violated her contract with the pain clinic," and many "doctors have refused to prescribe [her] medications." [*Id.*]. The ALJ's credibility determination was made with substantial evidence. Ultimately, however, this court will note that it is not within its purview to revisit issues of credibility. *Walters*, 127 F.3d at 528.

Second, Ms. Collins argues the ALJ erred in his evaluation of her mental impairments. According to the ALJ, Ms. Collins had mild limitations in her activities of daily living and moderate limitations in social functioning, concentration, persistence, and pace. [Tr. 20]. The ALJ noted Ms. Collins did not put forth the proper effort on psychological tests and exaggerated during others. [Tr. 18, 19, 20]. One examiner found she had no or only slight limitations in most areas of functioning. [Tr. 19]. In addition, Ms. Collins' complaints of anhedonia, weight loss, and

4

insomnia were inconsistent with medical records which showed an improvement with treatment and only mild symptoms. The ALJ's determination concerning Ms. Collins' mental impairments was made with substantial evidence. Third, Ms. Collins claims the ALJ improperly applied the Treating Physician Rule. Under Sixth Circuit law, the ALJ is permitted to give great weight to the opinions of a treating physician when determining if a disability exists. See *Walker v. Secretary*, 980 F.2d 1066, 1070 (6th Cir. 1992). However, the ALJ is not bound by this rule if the physician's opinion conflicts with other substantial evidence and is not supported by medically acceptable clinical and laboratory diagnostic techniques. See 20 C.F.R. § 404.1527 (d)(2).

The ALJ dismissed the opinion of one of Ms. Collins' treating physicians because she opined that Ms. Collins was partially disabled. [Tr. 16]. As the ALJ correctly noted, findings regarding disability are issues reserved for the ALJ in the case, not the medical personnel. 20 C.F.R. § 404.1527(e). In addition, the ALJ found that the doctor's medical records indicated a concern about Ms. Collins' overuse of her medication and contained very little objective information. [Tr. 17]. Because the doctor made a finding not within her province and because her medical notes failed to support such a finding, the ALJ correctly dismissed that opinion.

The ALJ also discounted the statements of another treating physician, Dr. Sidi

5

Noor. [Tr. 20]. According to Dr. Noor, Ms. Collins was disabled because she could not sit, stand, walk, bend, or twist for long periods of time, could only stand/walk for three hours out of an eight-hour workday, sit for four hours (15 minutes at a time) out of an eight-hour workday, lift 10 pounds occasionally, and climb and balance occasionally, but never stoop, crouch, kneel, or crawl. [Tr. 407-09, 418-20]. The ALJ considered Dr. Noor's opinion to be inconsistent with the medical record. [Tr. 20]. For example, the doctor assigned Ms. Collins the above restrictions despite writing in his medical notes that she was not in acute distress and walked normally. [Tr. 391]. The ALJ noted that Dr. Noor seemed to blindly accept Ms. Collins' subjective complaints as true and his reports relied quite heavily on those subjective complaints. [*Id.*]. The ALJ commented that there was a good reason–Ms. Collins' possible overuse of narcotic pain medications–for discounting some of Ms. Collins' complaints. [*Id.*]. The ALJ's dismissal of Dr. Noor's opinion was justified as well.

Lastly, Ms. Collins argues the ALJ erred in his finding that she retained the RFC to perform light work. A neurologist concluded Ms. Collins did not have a significant problem with her cervical spine. [Tr. 174-75]. An orthopedic specialist found nothing wrong with Ms. Collins' shoulder and concluded her specific complaints were out of line with a shoulder impairment. [Tr. 203-04]. Another orthopedic specialist refused to prescribe her more pain medication and suggested she

6

find a job. [Tr. 208]. She was found to be able to understand simple instructions. [Tr. 294]. A state agency medical consultant found that Ms. Collins could adapt to mild and moderate levels of stress and change. [Tr. 386]. Other state agency physicians found that Ms. Collins could occasionally lift 20 pounds, frequently lift 10 pounds, and stand/walk/sit for six hours in an eight-hour workday. [Tr. 297, 365]. Given the above medical opinions, that ALJ's finding that Ms. Collins could perform light work was made with substantial evidence.

After careful consideration of the entire record of proceedings related to this case, Ms. Collins' motion for a judgment on the pleadings will be denied, the defendant's motion for summary judgment will be granted, and this action will be dismissed.

An appropriate order will follow.

ENTER:

                                  s/Thomas Gray Hull
                                  THOMAS GRAY HULL
                                      SENIOR U. S. DISTRICT JUDGE